IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAYLEN C. ROSE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND, CENTRAL FALLS POLICE DEPARTMENT, OFFICER JAMIE L. MASCATO, DET. MICHAEL AKINROLA, OFFICER BENWAY, AND LIBIO MARROQUIN,<br><br>Defendants. | No. 26-cv-632-MSM-AEM |

MEMORANDUM AND ORDER

MARY S. MCELROY, United States District Court Judge.

The Plaintiff has filed, along with his Complaint, a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 4. The filing of that Motion creates an obligation on the part of the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). Here, the Plaintiff invokes the civil rights jurisdiction of the Court pursuant to 42 U.S.C. § 1983 to remedy what he contends were various wrongs connected to his detention for the crime of robbery. He was imprisoned for 6 months while awaiting trial before the case was dismissed. Nonetheless, he was then detained for an additional 3 months awaiting probation

revocation proceedings. Ultimately, his probation was revoked as was his parole, resulting in additional incarceration.

Mr. Rose blames his predicament on an allegedly false accusation of robbery by Libio Marroquin. He maintains that the responding officers coerced Mr. Marroquin into giving a video-taped statement incriminating him because of their bias against him, stemming from previous encounters. As a result of the alleged malice of Mr. Marroquin, combined with what Mr. Rose characterizes as an inadequate investigation and the faulty reliance by police on the statements of a formerly incarcerated individual, he has been unable to maintain employment for several years.

The claims Mr. Rose brings are state law claims: abuse of process against Mr. Marroquin, tortious interference with contract against Mr. Marroquin, and malicious prosecution against Officers Mascato and Benway. Federal courts are courts of limited jurisdiction and, in a case not involving diversity of citizenship, the burden is on the Plaintiff to assert a federal question. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). The only reference to a federal claim in this Complaint is a caption stating "Malicious Prosecution – Fourth Amendment Violation (42 U.S.C. 1983)" and a citation to *Thompson v. Clark,* 596 U.S. 36 (2022). ECF No. 1 at 8.

*Thompson* recognized a constitutional tort for malicious prosecution, but the malice alleged there was on the part of the police officers. Here, the Plaintiff alleges malice on the part of the reporting witness and this difference accounts for what is

likely an absence of subject-matter jurisdiction. To achieve federal question jurisdiction, a § 1983 action must claim wrongful behavior on the part of *police,* or some state agent of government. Here, the wrongful behavior is alleged on the part of the *witness*, a private actor. All police did was make the arrest based on the report of a crime. Mr. Rose alleges that the arrest lacked probable cause because the witness was untruthful, but police are entitled to rely on a citizen's accusation absent some reason to believe the witness was lying. "The uncorroborated testimony of a victim or other percipient witness, standing alone, ordinarily can support a finding of probable cause." *Acosta v. Ames Department Stores, Inc.,* 386 F.3d 5, 10 (1st Cir. 2004).

The State of Rhode Island cannot be sued for damages in a § 1983 action because it is not a "person," *Will v. Michigan,* 491 U.S. 58, 71 (1989), and there are insufficient facts alleged against the municipality to impose liability under *Monell v. N.Y.C. Dept. of Social Services,* 436 U.S. 658, 694 (1978). The claims against both of these entities are therefore dismissed.

*Pro se* plaintiffs are entitled to some latitude in pleading, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), however proper subject-matter jurisdiction is essential to a viable claim for relief. When a Complaint fails to state a plausible federal claim for relief, we are obligated to afford a *pro se* plaintiff an opportunity to try again by filing an Amended Complaint that cures the defects. *Zarlenga v. United States of America,*

No. 22-cv-00372-MSM-PSA, ECF No. 15, Nos. 23-1170, 23-1221 (Mandate, 1st Cir. Jan. 19, 2024).[1]

Mr. Rose is therefore granted time in which to amend his Complaint pursuant to Fed. R. Civ. P. 15 to cure the pleading deficiency and establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 against the individuals named. If no Second Amended Complaint is filed on or before December 7, 2026, or if a Second Amended Complaint is filed but it does not adequately plead a federal question, the case will be dismissed. The IFP Motion is deferred until that time.

IT IS SO ORDERED:

Mary S. McElroy
United States District Judge

November 2, 2026

---

[1] Mr. Rose has already filed an Amended Complaint. ECF No. 6. But the amended pleading appears to the Court to be identical to the original Complaint, except for the date of notarization. Because it was filed without the benefit of the Court's IFP review, Mr. Rose is granted leave to file a Second Amended Complaint.